WILLIAM R. SCRIBNER v. CHARLES S. HAZELTINE.

*Real-estate broker—Commissions.*

1. Where, in a suit for commissions on the sale of real estate, there is some conflict of testimony as to plaintiff's having any real agency in bringing the vendor and purchaser into relations of dealing, an instruction, in substance, that plaintiff cannot recover unless he procured a customer ready and willing to enter into a contract on the vendor's terms, whether those which were originally fixed or such as he might find acceptable, is not inapplicable.

2. Where in such a case the defendant admits that plaintiff was instrumental in securing an arrangement for the sale of a certain parcel of real estate, but disputes the extent and value of his services, the court is not justified in allowing the jury to find a verdict of no cause of action as to *that* parcel.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued January 24, 1890. Decided January 31, 1890.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Maher & Felker,* for appellant, contended for the rule stated in the second head-note.

*Stuart & Sweet,* for defendant.

*Uhl & Crane,* of counsel for defendant, contended:

1. The general rules in regard to a broker's right to commission are well settled; citing *McCreery v. Green,* 38 Mich. 185; *McGavock v. Woodlief,* 20 How. 221; *Wylie v. Bank,* 61 N. Y. 415; *Fraser v. Wyckoff,* 63 Id. 435.

CAMPBELL, J.     Plaintiff sued defendant for commissions on the sale of three pieces of property at Grand Rapids.

In regard to two of them, there was some conflict of testimony as to plaintiff's having any real agency in bringing vendor and purchaser into relations of dealing. As to those, the court charged, in substance, that plaintiff could not recover unless he procured a customer ready and willing to enter into a contract on the vendor's terms, whether those which were originally fixed, or such as defendant found acceptable. As to these, the instructions do not seem inapplicable, and the jury were warranted by the testimony in finding against plaintiff. There was testimony which, if believed, showed he had no cause of action.

But there was one large property which defendant sold for $12,000 in cash and another parcel of land, which, at defendant's estimate on the stand, was worth $3,000, and which was taken at a nominal rate of about $7,000. Defendant himself admits that plaintiff was instrumental in securing this arrangement, although disputing the extent and value of his services. There was nothing in the case which would justify the court in allowing the jury to find a verdict of no cause of action as to that parcel. The suggestion that there was a non-joinder of plaintiffs was not made in the charge, and it is not borne out by the record in such a way as to sustain such a verdict. If there had been a conflict concerning any cause of action as to this third parcel, we are not prepared to say there was any fatal error in the charge. But we do not think the jury could have been charged properly, as they were charged in fact, that there was room for a verdict of no cause of action.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.